**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **KIM LYNN MASON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 15-CV-195-JHP-TLW |
| ) | |
| **TRACY McCOLLUM, Warden,** ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner, a state inmate appearing pro se, challenges one of his convictions entered in Nowata County District Court, Case No. CF-1986-4. See Dkt. # 1. Before the Court is Respondent's "motion to dismiss petition as the Petitioner is not in custody for the conviction he is challenging and/or the petition is time barred" (Dkt. # 7). Petitioner filed a response (Dkt. # 9) to the motion to dismiss.

As discussed below, the Court lacks jurisdiction to consider Petitioner's claims. For that reason, Respondent's motion to dismiss shall be granted. The petition for writ of habeas corpus shall be dismissed without prejudice for lack of subject matter jurisdiction based on Petitioner's failure to satisfy the "in custody" requirement of 28 U.S.C. § 2254(a).

*BACKGROUND*

Petitioner lodges a direct challenge to the validity of his conviction of Escape from County Jail (Count 1) entered in Nowata County District Court, Case No. CF-1986-4. See Dkt. # 1. In that case, Petitioner entered pleas of guilty to three (3) charges: Escape from County Jail (Count 1), Assault with a Dangerous Weapon (Count 2), and Unauthorized use of Vehicle (Count 3), All After Former Conviction of Two Felonies. See Dkt. # 8-1 at 1. The trial judge sentenced Petitioner to

forty (40) years imprisonment on each count, to run concurrently with each other and with sentences entered in Craig County District Court, Case Nos. CRF-1985-83, CRF-1985-84, CRF-1985-85, and CRF-1985-86, and Nowata County District Court, Case Nos. CRF-1985-50, CRF-1985-51, CRF-1985-52, CRF-1985-53, CRF-1985-56, and CRF-1985-57. See Dkt. ## 8-2, 8-3, 8-4. Petitioner did not file a motion to withdraw his guilty pleas and did not perfect a certiorari appeal to the Oklahoma Court of Criminal Appeals (OCCA). Petitioner has filed at least six (6) applications for post-conviction relief. See Dkt. ## 1 at 45, 8-1. Most recently, on June 13, 2014, the OCCA dismissed Petitioner's application for a certiorari appeal out of time. See Dkt. # 1 at 80.

On April 26, 2002, Petitioner's forty (40) year sentences were modified to twenty (20) years. See Dkt. ## 8-2, 8-3, 8-4. The modification resulted in the expiration of his sentences on May 21, 2001. See Dkt. ## 8-5, 8-6.

In his federal petition for writ of habeas corpus (Dkt. # 1), filed April 16, 2015, Petitioner limits his challenge to the conviction entered in Nowata County District Court, Case No. CRF-1986-4, Count 1. Petitioner states that he presented his habeas claims to the state courts in his applications for post-conviction relief. Id. Petitioner raises three (3) grounds of error, as follows:

> Ground 1: Petitioner was denied due process of law by the trial court's failure to hold an evidentiary hearing on the petitioner's motion for leave to withdraw guilty pleas(s).
>
> Ground 2: Defendant's plea was not knowingly and intelligently made being that he was not advised of the correct range of punishment for the offense of Escape from County Jail.
>
> Ground 3: Petitioner was denied his right to appeal through no fault of his own.

See Dkt. # 1.

### *ANALYSIS*

For a federal court to have subject matter jurisdiction over a habeas proceeding, the petitioner must be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); accord Maleng v. Cook, 490 U.S. 488, 490-91 (1989). As a result, federal courts normally lack jurisdiction over petitions challenging a conviction with a completely expired sentence. "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492; see also Lackawanna Cty. Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001). The mere fact that a petitioner's prior conviction was used to enhance his current sentence does not render him "in custody" with respect to that conviction. See Maleng, 490 U.S. at 492. Thus, the Court lacks jurisdiction to consider an attack on a prior, expired conviction because the petitioner is no longer in custody for it.[1]

In this case, Petitioner directly challenges the validity of his conviction entered in Nowata County District Court, Case No. CF-1986-4. In response to the motion to dismiss, Petitioner admits the accuracy of the records demonstrating that his term of imprisonment for that case expired on May 21, 2001, and that he was released from prison on April 28, 2002. See Dkt. # 9 at 2. However Petitioner argues that because he "still owes costs and fees in the amount of *One Hundred Twenty-Three Dollars and Fifty Cent[s] ($123.50)*," the "in custody" requirement of 28 U.S.C. § 2254(a) is satisfied. Id.

---

[1] In Lackawanna, the Supreme Court concluded that consideration of a challenge to the enhanced sentence of a subsequent conviction was limited to cases where the prior conviction suffered from such radical constitutional defects as the denial of trial counsel under Gideon v. Wainwright, 372 U.S. 335 (1963). See Lackawanna, 532 U.S. at 404. Petitioner does not allege that a subsequent sentence was improperly enhanced using the conviction entered in Nowata County District Court, Case No. CF-1986-4, and the record does not reflect that he was denied counsel in that case.

"The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." Hensley v. Mun. Court, San Jose Milpitas Judicial Dist., Santa Clara Cty., Cal., 411 U.S. 345, 351 (1973). Severe restraints are those which exceed the restraints "imposed by the State upon the public generally" and "impose[ ] conditions which significantly confine and restrain [the individual's] freedom." Jones v. Cunningham, 371 U.S. 236, 242, 243 (1963). "A criminal defendant fined but not imprisoned is not suffering an ongoing punishment and may not attack his sentence under [the habeas] statutes." United States v. Keane, 852 F.2d 199, 202 (7th Cir. 1988) (citing Wright v. Bailey, 544 F.2d 737, 739 & n.2 (4th Cir. 1976) (collecting cases)). See Duvallon v. Florida, 691 F.2d 483, 485 (11th Cir. 1982) ("Where . . . the judgment of the state court imposes only a fine with no provision for incarceration, appellant's liberty is not restrained, she is not 'in custody' and her bare assertion of constitutional deprivation will not support federal court jurisdiction for § 2254 relief."). See also Phelps v. Barbara, No. 97-3385, 1998 WL 703433, *2 (10th Cir. Oct. 7, 1998) (unpublished)[2] (recognizing "[c]ourts have generally held that a person sentenced only to a fine or restitution is not 'in custody' within the meaning of the habeas statute" and affirming dismissal of petition challenging state court judgment imposing court costs and restrictions on petitioner's ability to practice law as not sufficient consequences to constitute custody); Hayes v. Maynard, No. 91-5083, 1991 WL 240112, *2 (10th Cir. Nov. 15, 1991) (unpublished) ("While the 'in custody' requirement as interpreted does not in fact require physical detention in all cases, it is not satisfied when one is merely ordered to pay money." (internal citation omitted)).

---

[2] This and other unpublished opinions herein are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Based on those authorities, the fact that Petitioner continues to owe a fine despite having discharged his sentence of imprisonment entered in Nowata County District Court, Case No. CF-1984-4, does not render him "in custody" pursuant to that conviction. Consequently, this Court is without jurisdiction to consider the merits of Petitioner's habeas claims challenging his conviction for which he has discharged his term of imprisonment. Respondent's motion to dismiss shall be granted and the petition shall therefore be dismissed without prejudice for lack of jurisdiction.

## *CONCLUSION*

The Court lacks subject matter jurisdiction to consider Petitioner's direct challenge to the validity of his conviction entered in Nowata County District Court, Case No. CF-1986-4, because he is not "in custody" pursuant to that conviction. Respondent's motion to dismiss petition for habeas corpus for lack of jurisdiction shall be granted.

### Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

5

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on lack of subject matter jurisdiction is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus (Dkt. # 7) is **granted**.

2. The petition (Dkt. # 1) is **dismissed without prejudice** for lack of subject matter jurisdiction.

3. A separate Judgment shall be entered in this case.

4. A certificate of appealability is **denied**.

**DATED** this 10TH day of December, 2015.

*[signature]*
James H. Payne
United States District Judge
Northern District of Oklahoma